MARTIN, Circuit Judge,
concurring:
This is the kind of case that keeps me up at night. I have a real question, based on the record I have reviewed here, about whether Eugene French actually committed the awful crime for which he is now imprisoned. And every member of this panel agrees that there were problems with the process that resulted in his conviction. To begin, his trial lawyer was ineffective. See Panel Op. 15. At trial, that lawyer tried to introduce evidence that Mr. French’s alleged molestation victim previously and falsely accused Mr. French of kidnapping her. That evidence was vital to raising doubts about the credibility of the victim — the State’s star witness — and it should have been admitted under Georgia’s evidentiary rules. The trial court made a mistake when it excluded that evidence, and Mr. French’s lawyer was ineffective in his efforts to preserve the issue for appeal. Yet because of the myriad procedural hurdles that exist in Georgia and federal courts on post-conviction review, we cannot address the merits of Mr. French’s case.
At bottom, the outcome of this appeal turns on whether we can consider a set of affidavits describing the victim’s earlier false accusation against Mr. French. For instance, in an affidavit Mr. French tried to file on state and federal habeas review, the victim’s aunt (sister of the victim’s mother) testified that the victim was repeatedly told by her mother to fabricate charges against Mr. French. According to that aunt, on the same night the victim first accused Mr. French of molestation, the victim called 911 from Mr. French’s home and falsely alleged that Mr. French had kidnapped her. Once police arrived, the victim told them her mother had directed her to make the call. Once they left, the aunt claims that the victim said “her mother forced her to make the false allegation of kidnapping to the police,” that “her mother persistently compelled her to say that [Mr. French] molested her,” and that the victim “denied being molested by [Mr. French] at any time and said her mother was doing this because [the mother] wanted money from [Mr. French].” This evidence could only have served to undermine the State’s case.
Notwithstanding the obvious relevance and import of these affidavits to showing the prejudice caused by counsel’s ineffectiveness, however, the affidavits did not make it into the state habeas record. Following his direct appeal, Mr. French filed a handwritten, pro se petition. State law does not entitle him to be represented by counsel in his habeas action. See Gibson v. Turpin, 270 Ga. 855, 513 S.E.2d 186, 187 (1999). But the petition he wrote and filed claimed — correctly, as today’s majority has found — that he received ineffective assistance of counsel. In light of his complete lack of legal training, Mr. French was an extraordinary advocate for himself, except that he made one minor, but now decisive, *1273 error. At the evidentiary hearing before the state habeas court, Mr. French tried on his own to introduce the affidavits detailing the victim’s false kidnapping claim. The State objected to Mr. French’s submission, arguing that he failed to serve the affidavits on the state prior to the hearing as required by O.C.G.A. § 9-14-48(c). The state habeas court — correctly, I think — told Mr. French that he could not cure these notice problems with any further submissions. Thus, although he made the claim that his counsel was ineffective for failing to proffer evidence of the prior false accusation at trial, Mr. French did not get the actual evidence of the accusation into the state habeas record.
That seemingly insignificant procedural error has now metastasized into a roadblock prohibiting all federal habeas relief. After all, “review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.” Cullen v. Pinholster, 563 U.S. 170, —, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). And we cannot question the state habeas court’s application of § 914-48(c) to prevent Mr. French’s good-faith attempt to enter the affidavits into the state habeas record. See Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir.1997) (“[Sjtate courts are the final arbiters of state law.”). Our hands are therefore tied by procedure and we must turn a blirid eye to the merits of the case.
Although the majority is right on the law, the result is troubling. It is an “obvious truth” that “any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him.” Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963). So too is every criminal defendant assured counsel at his “first appeal, [when] granted as a matter of right to rich and poor alike, from a criminal conviction.” Douglas v. California, 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963) (citation omitted). But on collateral review — the first time a prisoner can challenge his counsel’s ineffectiveness [1] — it is commonplace and accepted that he must proceed without counsel. Thus, many fail to put forth coherent or colorable claims at all.- Even when a petitioner is uncommonly skilled like Mr. French, it is still no wonder that he missed one of the scores of procedural rules that can stand as impediments to relief. Of course I recognize that these impediments serve purposes. § 9-14-48(c) for instance is intended to prevent parties from springing affidavits on opposing parties without advance notice. My quarrel is not with the rule itself, but with our insistence that petitioners know and follow each and every rule without any legal assistance in their efforts to obtain relief on even the most persuasive claim.
Finally, being a lifelong citizen of the State of Georgia, I like to think of my State as striving to be on the right side of truth and justice. But from the pretrial hearing nine years ago to this appeal today, the State has sought to exclude the evidence of Mr. French’s victim’s prior false allegations against him. And to what end? Those affidavits are a critical part of the story undergirding this prosecution. The State — in its search for the correct outcome, not merely a successful conviction — should want that evidence aired in court. But without any judge or jury having considered what the testimony contained in the affidavits means about whether Mr. French is guilty or innocent, I *1274 continue to have doubts about whether he committed the crimes of which he was convicted and for which he is serving a twenty-year sentence. In the end, however, Mr. French’s case is decided by our precedent, so I concur in the panel’s opinion.

. "Because an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, claims of ineffective assistance of counsel are often properly raised for the first time in a habeas corpus petition.” White v. Kelso, 261 Ga. 32, 401 S.E.2d 733, 734 (1991).